**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 10-20912-Civ-COOKE/TURNOFF**

The Federal Deposition Insurance Corporation
As Receiver for CITIZENS STATE BANK,
A Michigan State Chartered commercial bank,

      Plaintiff

vs.

SERGEI V. FEDOROV, *et al*.,

      Defendants.

_____/

**ORDER TRANSFERRING CASE**

THIS CASE is before me on an independent review of the record.  This is an action to foreclose a mortgage on real property located in Miami Beach, Florida, to recover monetary damages based on the breach of a promissory note, and to reestablish a promissory note that has been lost or destroyed.

On October 27, 2008, Citizens State Bank ("Citizens") filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida.  On March 22, 2010, the FDIC filed its Notice of Substitution as Receiver for Citizens in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  On March 24, 2010, the FDIC removed the case to this Court.  (ECF No. 1).  Plaintiff is the Federal Deposit Insurance Corporation ("FDIC") acting as receiver for Citizens.  Defendants are Sergei V. Fedorov, individually, and Sergei V. Fedorov, as trustee of the Sergei V. Federov Revocable Living Trust dated October 4, 2002.  Defendants have asserted a counterclaim against the FDIC for fraud.

On July 14, 2008, Citizens filed a Complaint in the Sixteenth Judicial Circuit Court of Michigan, Macomb County.  On December 18, 2009, the FDIC accepted an appointment as

receiver over Citizens.  On March 16, 2010, the FDIC removed that case to the U.S. District

Court for the Eastern District of Michigan.  *FDIC v. Fedorov*, Case No. 10-11061, ECF No. 1

(E.D. Mich.).  Plaintiff is the FDIC acting as receiver for Citizens.  Defendant is Sergei V.

Fedorov, individually.  Mr. Fedorov has asserted counterclaims against the FDIC for fraud and

misrepresentation, among other things.

On April 18, 2011, I entered an Order to Show Cause ordering the parties to show cause

why this case should not be transferred to the Eastern District of Michigan. On May 13, 2011, I

held a hearing on whether this case should be transferred to the Honorable Avern Cohn, who is

presiding over *FDIC v. Fedorov*, Case No. 10-11061 (E.D. Mich.).   Upon review of the parties'

submissions and the record, it appears that the Eastern District of Michigan is a more convenient

forum and transfer would result in judicial efficiencies.  For the following reasons, I find that this

case should be transferred.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  "Section 1404 factors include (1) the convenience of the

witnesses; (2) the location of relevant documents and the relative ease of access to sources of

proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of

process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7)

a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of

forum; and (9) trial efficiency and the interests of justice, based on the totality of the

circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1134 n.1 (11th Cir. 2005).

The FDIC, as trustee for Citizens, commenced two actions against Fedorov, one in

Michigan and one in Florida.  Both actions allege that Mr. Fedorov defaulted on certain

promissory notes and mortgages.  The loans and mortgages at issue are different in each case.

However, Mr. Fedorov's Counterclaims in both actions allege that Citizens Bank committed fraud because it knew or should have known that the loan and mortgage documents at issue contained forged signatures.  At the show cause hearing before me, Mr. Fedorov's counsel explained that Mr. Fedorov's theory of the case in both the Michigan and Florida actions is that Citizens engaged in a scheme of fraud whereby Citizens used Mr. Fedorov as a straw man to make loans to third parties.

It appears that the first three factors weigh in favor of transfer.  The facts and witnesses in both actions overlap.  Mr. Fedorov's counsel stated that virtually all of the witnesses in the Florida action are located in Michigan.  Thus, it would be more convenient for the witnesses to transfer the action to Michigan.  Even though the loan documents are at issue, the witnesses will be a large source of the evidence in this case.  The parties have already deposed many of these witnesses through discovery in the Michigan action.  Additionally, accessing any documents located in Florida should not be difficult for the parties given the availability of internet-based document sharing systems.  Finally, Plaintiff and Defendants are already litigating a related action in Michigan, so transfer would be convenient for both of the parties.

The fourth, fifth, and sixth factors are largely neutral.  The facts occurred in Florida and Michigan.  Citizens Bank recorded a mortgage in Florida, but at least some of the alleged fraud may have occurred in Michigan.  Neither of the parties has identified any specific witness who would be unwilling to appear and may require the court's subpoena power.  *See Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc*., __ F. Supp. 2d __, 2010 WL 5643471, at \*6 (M.D. Fla. Nov. 3, 2010).  The parties appear to have similar means to litigate this matter, as they are litigating a related action in Michigan.

The seventh factor weighs against transfer.  The court would apply Florida law to the claims arising in Florida.  However, the legal principles at issue, breach of a promissory note and

fraud, are not particularly complex that the court could not quickly familiarize itself with them.

Finally, the eighth and ninth factors, when viewed together, weigh in favor of transfer. The plaintiff's choice of forum generally weighs in the plaintiff's favor "unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Here, judicial economy and the interests of justice outweigh the plaintiff's choice of forum. Allowing both cases to proceed in different jurisdiction will lead to duplicative efforts on the part of the parties and the court. For example, Mr. Fedorov's motion for summary judgment pending before this Court raises the exact same issues as those raised in Mr. Fedorov's motion for summary judgment in the Michigan action, which the court has already resolved. Additionally, maintaining both actions may lead to inconsistent findings of fact. The findings of fact in the Michigan action, may affect the outcome of the Florida action. For example, Citizens Bank initially included in its Complaint filed in the Florida action a count for breach of a promissory note dated December 29, 2004 (the "December Note"). Citizens Bank alleged that a mortgage dated February 19, 2004 (the "mortgage") secured the December Note. Mr. Fedorov later discovered through discovery in the Michigan action that the December Note contained a forged signature. *See* Second Amended Counterclaim ¶ 13. As a result, Citizens Bank withdrew its claims on the December Note in its First Amended Complaint in the Florida action. *See* Second Amended Counterclaim ¶¶ 15-16. Based on my assessment of the factors relevant to transfer, I find that transfer to the Eastern District of Michigan is warranted.[1]

Although I find that transfer is warranted, I will address the FDIC's concerns that transfer would prejudice the FDIC because the note at issue in the Florida action could be deemed time-barred in a subsequent foreclosure proceeding in Florida. The FDIC timely filed its foreclosure

---

[1] The fact that the Complaint asserts one count for mortgage foreclosure, which is considered *quasi in rem*, does not preclude transfer. *See In re Int'l Marine Towing, Inc.*, 617 F.2d 362, 364 (5th Cir. 1980).

claim, but the statute of limitations has since passed.  According to the FDIC, if I transfer this

action, and the court enters judgment in favor of the FDIC, the FDIC would have to turn to

Florida courts to order a judicial sale of the land.  Fla. Stat. § 47.011 ("a local action involving

real property can only be brought within the territorial boundaries of the state where the land is

located.").  However, the FDIC would be forced to file the foreclosure action outside the relevant

Florida statute of limitations.

A review of the Complaint indicates that the FDIC's concerns are a non-issue.  Count I

(mortgage foreclosure) of the Second Amended Complaint alleges that Defendants defaulted

under the note *and* the mortgage, and therefore owe the principal sum of $1,630,215.56 plus

interest.  Count II (breach of the promissory note) of the Complaint alleges that Defendants

defaulted under the note, and therefore owe the principal sum of $1,630,215.56 plus interest.

Reading both counts together, it appears that the FDIC is essentially seeking a monetary

judgment in the amount of $1,630,215.56 plus interest for breach of the promissory note.  The

FDIC asserts a mortgage foreclosure action as a means of recovering that amount because the

mortgage secures the note.   If the FDIC prevails, the Eastern District of Michigan may enter a

judgment in the amount of $1,630,215.56 plus interest.  The FDIC can then enforce this

judgment in a Florida court by requesting a judicial sale of the property.  *See* Fla. Stat. §

55.503)(1) ("A copy of any foreign judgment certified in accordance with the laws of the United

States or of this state may be recorded in the office of the clerk of the circuit court of any county.

. . . A judgment so recorded shall have the same effect and shall be subject to the same rules of

civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying

judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county

court of this state."); *see In re Mead*, 384 B.R. 296, 302-03 (M.D. Fla. 2007) (plaintiff properly

recorded a foreign judgment and disposed of judgment debtors' real property in Florida to satisfy

judgment).

For the foregoing reasons, its is **ORDERED and ADJUDGED** that:

1.      This case shall be **TRANSFERRED** to the Honorable Avern Cohn in the U.S.

District Court for the Eastern District of Michigan.

2.      The Clerk is directed to **CLOSE** this matter.

3.      All pending motions, if any, are **DENIED** as moot.

 **DONE and ORDERED** in chambers, Miami, Florida, this 26th day of May 2011.

_____

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*